## Estate of Henry W. Clark, Alleyne Clark, Executrix, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 11921. Promulgated June 14, 1948.

*Frank E. Barnett, Esq.*, for the petitioner.
*William F. Evans, Esq.*, for the respondent.

LeMire, *Judge*: It has been held that defects, such as the one claimed here, in the mailing of a notice of deficiency are cured where the taxpayer receives the notice and timely files a petition on the merits. See *Commissioner* v. *New York Trust Co.*, 54 Fed. (2d) 463; *Olsen* v. *Helvering*, 88 Fed. (2d) 650; *Commissioner* v. *Rosenheim*, 132 Fed. (2d) 677; *Kay Manufacturing Co.*, 18 B. T. A. 753; affirmed per curiam, 53 Fed. (2d) 1083; *Bankers Trust Co., Trustee*, 24 B. T. A. 10; *Corinne Porter Scruggs, Administratrix*, 29 B. T. A. 1102.

On the facts here, however, we can not find that the notice of deficiency was defective, as the petitioner contends. It was sent to the executrix by registered mail, as required by section 871, Internal Revenue Code, to the address given by her in the estate tax return. The executrix in the meantime had moved from New York to Boston and had conveyed that information to the Commissioner in certain communications pertaining to other tax matters. She had also given her new address in an affidavit which she had furnished the Commissioner in regard to matters connected with the administration of the estate. While the Commissioner might reasonably have used the new address in directing the notice of deficiency to the executrix, we do not think that he was legally required to do so. He might have concluded, with equally good reason, that the executrix wished all communications regarding the tax matters of the estate which she represented mailed to her at the address shown in the estate tax return. At least, the petitioner did not make it clear to the Commissioner that such was not her wish. Only if she had done so and if the Commissioner had nevertheless sent the notice of deficiency to the old address would the petitioner be in a position to press the claims upon which she now relies to escape the proposed assessment.

We think that the notice of deficiency here complied substantially with the requirements of the statute for the purpose of our jurisdiction. See *Commissioner* v. *Rosenheim, supra; Estate of George F. Hurd*, 9 T. C. 681.

Since in this proceeding the petitioner has adduced no evidence, and made no argument, on the merits, the respondent's determination of the deficiency of $29,530.68 is sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Van Fossan and Kern, *JJ.*, concur only in the result.

Murdock, *J.*, concurring: I concur because there was no defect to be cured.